## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO. _____

AIRTEX PRODUCTS, LP,

   Plaintiff,            **JURY TRIAL DEMANDED**

 v.

GLOBAL AUTOMOTIVE OF MIAMI,
INC., a Florida corporation d/b/a GLOBAL
AUTOMOTIVE, INC., and KEVIN LEE
SIMMONS,

   Defendants.

_____/

## COMPLAINT

Plaintiff, Airtex Products LP ("Airtex"), by its attorneys, and for its Complaint against

Defendant Global Automotive of Miami, Inc. d/b/a Global Automotive, Inc. ("Global

Automotive"), and Kevin Lee Simmons ("Simmons," with Global Automotive, "Defendants"),

individually and as the owner of Global Automotive, states as follows:

### NATURE OF THE ACTION

1.  Airtex is a leading manufacturer and supplier of replacement fuel pump modules,

and their component parts for use in automobiles and light trucks.

2.  This action arises from Defendants' sale of counterfeit Airtex® branded fuel pump

modules, unlawful use of Airtex's registered trademarks, and unfair competition in violation of

the Lanham Act, 15 U.S.C. §§ 1114 and 1125 and Florida Statutes §§ 495.151 and 501.201.

3.  Defendants intentionally advertise for sale Airtex branded fuel pump modules and

use Airtex's trademarks without consent on the Global Automotive website and other sites such

as eBay.com.  The actual product delivered to the consumer, however, is a counterfeit fuel pump module of unknown origin and quality.

4.      By this action, Airtex seeks to enjoin Defendants from their unlawful activities and recover the profits derived by Defendants from their willful and intentional sale of counterfeit goods, trademark infringement, and false advertising, as well as or in addition to compensatory, statutory, and treble damages, plus interest and attorneys' fees and costs.

## PARTIES

5.      Airtex is a limited partnership organized and existing under the laws of the State of Illinois with its principal place of business in Lake Forest, Illinois.  The partners of Airtex are Airtex Industries, LLC and UCI-Airtex Holdings, Inc.

6.      Airtex Industries, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Lake Forest, Illinois.

7.      Airtex Industries, LLC is a wholly-owned subsidiary of UCI-Airtex Holdings, LLC.

8.      UCI-Airtex Holdings, LLC is a limited liability company existing under the laws of the State of Delaware with its principal place of business in Lake Forest, Illinois.

9.      Defendant Global Automotive is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami, Florida.

10.     Defendant Simmons is an individual who is a citizen of the State of Florida with his residence located in Miami, Florida.  Upon information and belief, Simmons owns and controls Global Automotive and is the sole company representative of Global Automotive.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this civil action under 28 U.S.C. §§ 1331 and 1338 because this matter arises under federal law.

12.    This Court has supplemental jurisdiction over Airtex's claim arising under the laws of Florida pursuant to 28 U.S.C. § 1367(a).

13.    This Court also has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants.

14.    Plaintiff, its partners, and the members of its partners are citizens of States of Delaware and Illinois.

15.    Defendants are all citizens of the State of Florida.

16.    The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

17.    This Court has personal jurisdiction over Global Automotive because it does business in the State of Florida and the transactions and false advertising complained of occurred throughout Florida and the United States.

18.    This Court has personal jurisdiction over Simmons because he is a resident of State of Florida, and transacts business in Florida, this judicial district and the United States.

19.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)-(b), because Defendants reside in this District and the transactions and false advertising complained of occurred, in part, in this District.

MIA 31253214v1

## FACTS COMMON TO ALL COUNTS

### *Airtex's Products*

20.     Since the 1930s, Airtex has been continuously engaged in the design, manufacturing, marketing, advertising, and sale of parts for the fuel systems in automobiles and commercial vehicles.

21.     By volume, Airtex is one of the largest and well-known providers of replacement fuel pump modules in the United States.

22.     The purpose of a fuel pump module is to safely and efficiently deliver fuel from the fuel tank of a motor vehicle to the engine.  A fuel pump module consists of an electric pump and a housing that is situated inside the fuel tank.

23.     New automobiles come installed with a replaceable fuel pump module. The fuel pump modules on new automobiles are referred to in the industry as "original equipment," and the replacement fuel pump modules, like those sold by Airtex that are the subject of this action, are referred to as "aftermarket equipment."

24.     Each fuel pump module sold by Airtex must meet design and performance specifications that are intended to ensure that the vehicle can be safely operated.  The design and performance specifications also ensure that the vehicle meets federal and state environmental requirements.

### *Purchasers of Airtex Products*

25.     Airtex direct customers include national retail automotive part stores, such as Autozone®, Internet retailers, including Amazon®, and automotive parts wholesalers that supply independent automotive part stores.

4

26.     The end use consumers of Airtex fuel pump modules include professional automotive technicians and individual vehicle owners who repair their own vehicles, sometimes known as "do it yourselfers" or "DIY".

27.     Global Automotive competes with Airtex by selling automotive parts, including fuel pump modules, directly to professional automotive technicians and DIY customers.

### *Airtex's Trademarks & Marketing of their Products*

28.     Since January 1970, long before the acts complained of, Airtex adopted and commenced use of the trademark "AIRTEX" for its Airtex products, and Airtex has continuously used this trademark in commerce and on, or in connection with, its products, and in the advertising, marketing, and sale thereof.   A true and correct certified copy of the Airtex Trademark registered on July 3, 1979, at Registration Number 1,121,382 is attached as <u>Exhibit A</u>.

29.     Since June 1, 2004, long before the acts complained of, Airtex adopted and commenced use of the stylized work trademark "Airtex" shown below.



Airtex has continuously used this trademark in commerce and on or in connection with its products and in the advertising, marketing, and sale thereof.   A true and correct certified copy of the Airtex Trademark registered on January 20, 2009 at Registration Number 3,564,980, is attached hereto as <u>Exhibit B</u>.

MIA 31253214v1

30.     Airtex owns numerous other trademarks ("Airtex Marks") that Airtex uses to identify and promote the sale of its products that are summarized in the table below:

| Mark | | Trademark Name | U.S. Registration Number | Registration Date |
|---|---|---|---|---|
| MASTER M (logo) | | MASTER M | 1,219,040 | 12/07/1982 |
| M MASTER (logo) | | M MASTER | 1,333,153 | 04/30/1985 |
| MASTER M FUEL PUMP (logo) | | MASTER M FUEL PUMP | 1,351,583 | 07/30/1985 |

| Mark | Trademark Name | U.S. Registration Number | Registration Date |
|---|---|---|---|
|  | DESIGN | 1,410,397 | 09/23/1986 |
| "AIRTEX ULTRAFLO" | AIRTEX ULTRAFLO | 1,966,706 | 04/06/1996 |
|  | AIRTEX XP | 3,477,085 | 07/29/2008 |
|  | MASTER M | 3,526,483 | 11/04/2008 |
| MADE FOR THE AFTERMARKET | MADE FOR THE AFTERMARKET | 4,634,388 | 11/04/2014 |

7

31.     In addition to the expenses of obtaining the Airtex Marks, Airtex has spent substantial sums in the development, marketing and advertising of its fuel pump modules using the Airtex Marks.

32.     The Airtex Marks have become well and favorably known to the purchasing public and the trade as indications of the origin and quality of Airtex's products.

### Defendants' Advertise and Sell Counterfeit Products

33.     As set forth below, Defendant Global Automotive, through Defendant Simmons, advertises for sale numerous fuel pumps that Defendants advertise as "Airtex" fuel pumps, but in fact, are not manufactured or sold by Airtex.

34.     Defendant Global Automotive, through Defendant Simmons, advertises for sale on eBay.com an Airtex Model E3947M that fits various Chevrolet and GMC pickup trucks.  This is a high volume and high demand Airtex product.   A true and correct copy of Global Automotive's eBay.com page advertising for sale an Airtex Model E3947M is attached as Exhibit C.

35.     Defendant Global Automotive, through Defendant Simmons, advertises for sale on eBay.com an Airtex Model E3992M that fits applications such as the Chevrolet Blazer, GMC Jimmy and Oldsmobile Bravada.  This is a high volume and high demand Airtex product.  A true and correct copy of Global Automotive's eBay.com page advertising for sale an Airtex Model E3992M is attached as Exhibit D.

36.     Defendant Global Automotive, through Defendant Simmons, advertises for sale on eBay.com an Airtex Model E3500M that fits applications such as the Chevrolet Silverado and GMC Sierra.  This is a high volume and high demand Airtex product.  A true and correct copy of

8

Global Automotive's eBay.com page advertising for sale an Airtex Model E3500M is attached as Exhibit E.

37.    Defendant Global Automotive, through Defendant Simmons, advertises for sale on eBay.com an Airtex Model E7094M that fits various Chrysler, Dodge and Plymouth vans. This is a high volume and high demand Airtex product.   A true and correct copy of Global Automotive's eBay.com page advertising for sale an Airtex Model E7094M is attached as Exhibit F.

38.    Defendant Global Automotive, through Defendant Simmons, advertises for sale on eBay.com an Airtex Model E3971M that fits applications such as Chevrolet and GMC vans. This is a high volume and high demand Airtex product.   A true and correct copy of Global Automotive's eBay.com page advertising for sale an Airtex Model E3971M is attached as Exhibit G.

39.    Airtex has purchased and inspected the Airtex Model E3947M fuel pump module advertised by Defendants, the Airtex Model E3992M fuel pump module advertised by Defendants, the Airtex Model E3500M fuel pump module advertised by Defendants, the Airtex Model E7094M fuel pump module advertised by Defendants, and the Airtex Model E3971M fuel pump module advertised by Defendants and, in each case, has determined that they are counterfeited.   In each case, the pump contains some components manufactured by Airtex and other components of unknown origin.   In each case, the fuel pump module does not meet Airtex design and performance specifications.

40.    Fuel pump modules that do not meet stringent industry design and performance standards may fail or leak fuel, posing safety hazards to consumers.   Counterfeit automotive products are known to pose potential safety hazards.

9

41.     Defendants' unauthorized use of the Airtex Marks and the sale and distribution of counterfeit Airtex fuel pumps has caused purchasers and consumers to believe, contrary to fact, that the fuel pumps Defendant advertises, distributes and sells are Airtex fuel pumps.

**COUNT I**
**(All Defendants)**
**Trademark Counterfeiting**
**15 U.S.C. § 1114**

42.     Airtex incorporates the allegations of paragraphs 1 to 41.

43.     Plaintiff duly registered the Airtex Marks with the United States Patent and Trademark Office.  *See* Exhibits A-B and H-O.

44.     Plaintiff is the record owner of the Airtex Marks.

45.     The Airtex Marks, including but not limited to Airtex's Trademarks Registered at Numbers 1,121,382 and 3,564,980, are prima facie evidence of the validity and ownership of the marks, and constructive notice of Airtex's ownership.

46.     The Airtex Marks, including but not limited to Airtex's Trademarks Registered at Numbers 1,121,382 and 3,564,980, have reached incontestable status and, therefore, are conclusive evidence of the validity of the marks and Airtex's exclusive rights to the use of the marks in commerce.

47.     Notwithstanding Airtex's well-known and established rights in the Airtex Marks, Defendants, without authorization from Airtex, have used and are continuing to use Airtex's trademarks in interstate commerce.

48.     Upon information and belief, Defendants have acted with knowledge of Airtex's ownership of the Airtex Marks and with deliberate intention or willful blindness for the purpose of exploiting the substantial goodwill and reputation of Airtex, and to enable Defendants to

misrepresent their counterfeit goods as emanating from or otherwise sponsored or approved by Airtex.

49.     Defendants' use of counterfeit reproductions of the Airtex Marks in the advertising, marketing, distributing, packaging, offering for sale, sale of goods, and delivery of counterfeit goods is likely to cause or has caused the public to believe, contrary to fact, that the goods advertised and/or bearing the Airtex Marks are manufactured by, emanate from, or are otherwise sponsored or approved by Airtex.

50.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

51.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

52.     Defendants intend to continue their infringing acts, unless restrained by this Court.

53.     Defendants' acts have damaged and will continue to damage Airtex and Airtex has no adequate remedy at law.

54.     In light of the foregoing, Airtex is entitled to injunctive relief prohibiting Defendants from using the Airtex Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including all gains, profits and advantages obtained by Defendants, and/or statutory damages pursuant to 15 U.S.C. § 1117(c), as well as all attorneys' fees and costs Airtex has sustained and will sustain as a result of such infringing acts pursuant to 15 U.S.C. § 1117(a), and treble damages pursuant to 15 U.S.C. § 1117(b).

MIA 31253214v1

**COUNT II**
**(All Defendants)**
**Federal Trademark Infringement**
**15 U.S.C. § 1114**

55.     Airtex incorporates the allegations of pa; ragraphs 1 to 41.

56.     Plaintiff duly registered the Airtex Marks with the United States Patent and Trademark Office.  *See* Exhibits A-B and H-O.

57.     Plaintiff is the record owner of the Airtex Marks.

58.     The Airtex Marks, including but not limited to Airtex's Trademarks Registered at Numbers 1,121,382 and 3,564,980, are prima facie evidence of the validity and ownership of the marks, and constructive notice of Airtex's ownership.

59.     The Airtex Marks, including but not limited to Airtex's Trademarks Registered at Numbers 1,121,382 and 3,564,980, have reached incontestable status and, therefore, are conclusive evidence of the validity of the marks and Airtex's exclusive rights to the use of the marks in commerce.

60.     Notwithstanding Airtex's well-known and established rights in the Airtex Marks, Defendants have been engaged in advertising for sale Airtex manufactured products by using counterfeit reproductions of the Airtex Marks and the delivery of counterfeit fuel pump modules.

61.     Defendants have and continue to advertise for sale Airtex manufactured products by using counterfeit reproductions of the Airtex Marks and the delivery of counterfeit fuel pump modules for the purpose of exploiting the substantial goodwill and reputation of Airtex, and to enable Defendants to misrepresent their counterfeit goods as emanating from or otherwise sponsored or approved by Airtex.

62.     Defendants' use of the Airtex Marks is without Airtex's permission or authority and is in total disregard of Airtex's rights to control the Airtex Marks.

MIA 31253214v1

63.     Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Airtex has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Airtex.

64.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Airtex and reap the benefit of Airtex's goodwill associated with the Airtex Marks.

65.     As a direct and proximate result of Defendants' willful and unlawful conduct, Airtex has been injured and will continue to suffer injury to their businesses and reputation unless Defendants are restrained by this Court from infringing the Airtex Marks.

66.     In light of the foregoing, Airtex is entitled to injunctive relief prohibiting Defendants from using the Airtex Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including all gains, profits and advantages obtained by Defendants, and/or statutory damages pursuant to 15 U.S.C. § 1117(c), as well as all attorneys' fees and costs Airtex has sustained and will sustain as a result of such infringing acts pursuant to 15 U.S.C. § 1117(a), and treble damages pursuant to 15 U.S.C. § 1117(b).

## <u>COUNT III</u>
### (All Defendants)
### False Designation of Origin and False Advertising
### 15 U.S.C. § 1125(a)

67.     Airtex incorporates the allegations of paragraphs 1 to 41.

68.     Defendants' use of counterfeit reproductions of the Airtex Marks constitutes false designation of origin and false advertising within the meaning of Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a), which is likely to confuse, mislead, or deceive the public as to the source, sponsorship, and/or approval of Defendants' goods.

69.     The nature and probable tendency and effect of Defendants' false advertising through the use of counterfeit reproductions of the Airtex Marks in its promotion, advertising, marketing, distributing, packaging, offering for sale, and sale of its goods, incorporating the counterfeit reproductions of the Airtex Marks, is to enable Defendants to confuse or deceive the public and others by passing off their goods as manufactured by, emanating from, or otherwise sponsored or approved by Airtex.

70.     Defendants' use of the Airtex Marks is without Airtex's permission or authority and is in total disregard of Airtex's rights to control their trademarks.

71.     Defendants conduct is causing and, unless enjoined, will continue to cause Airtex immediate and irreparable injury for which it has no adequate remedy at law.

72.     In light of the foregoing, Airtex is entitled to injunctive relief prohibiting Defendants from using the Airtex Marks, or any marks confusingly similar thereto, and to recover all damages, including attorney's fees, that Airtex has sustained and will sustain, and all gains, profits and advantages obtained by Defendants a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

**COUNT IV**
**(All Defendants)**
**Federal Trademark Dilution**
**15 U.S.C. § 1125(c)**

73.     Airtex incorporates the allegations of paragraphs 1 to 41.

74.     The Airtex Marks are strong and distinctive marks that have been in use for many years and achieved enormous and widespread recognition.

14

75.    Through prominent, long-term, and continuous use in commerce, including commerce within the State of Florida, the Airtex Marks have become and continue to be strong, distinctive, and famous within the meaning of the Lanham Act.

76.    Defendants have used in commerce in connection with the sale of their products counterfeit reproductions of the Airtex Marks, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Airtex, or as to the origin, sponsorship, or approval of said counterfeit goods by Airtex.

77.    Defendants' use of false reproductions of the Airtex Marks and sale of counterfeit goods are diluting the distinctive quality of the Airtex Marks and decreasing the capacity of such marks to identify and distinguish Airtex products, and has caused a likelihood of harm to Airtex's business reputation in violation of the Lanham Act.

78.    Upon information and belief, Defendants' unlawful actions began long after the Airtex Marks became famous.

79.    Upon information and belief, Defendants have acted with knowledge of Airtex's ownership of the Airtex Marks and with deliberate intention to unfairly benefit from the incalculable goodwill symbolized therefrom.

80.    Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on the reputation of the Airtex Marks, and to dilute the Airtex Marks.

81.    As a result of Defendants' unlawful acts, Airtex has suffered injury to its reputation and goodwill.  In addition, Airtex has suffered injury in the form of lost sales in an amount yet to be determined.

82.    Plaintiff has no adequate remedy at law.

MIA 31253214v1

83.     In light of the foregoing, Airtex is entitled to injunctive relief prohibiting Defendants from using the Airtex Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## COUNT V
**(All Defendants)**
**Trademark Dilution**
**Fla. Stat. § 495.151**

84.     Airtex incorporates the allegations of paragraphs 1 to 41.

85.     The Airtex Marks are strong and distinctive marks that have been in use for many years and achieved enormous and widespread recognition.

86.     Through prominent, long-term, and continuous use in commerce, including commerce within the State of Florida, the Airtex Marks have become and continue to be strong, distinctive, and famous.

87.     Defendants use of false reproductions of the Airtex Marks and sale of counterfeit goods are diluting the distinctive quality of the Airtex Marks and decreasing the capacity of such marks to identify and distinguish Airtex products, and has caused a likelihood of harm to Airtex's business reputation in violation of Fla. Stat. § 495.121.

88.     Defendants have acted with knowledge of Airtex's ownership of the Airtex Marks and with deliberate intention to unfairly benefit from the incalculable goodwill symbolized therefrom.

89.     As a result of Defendants' unlawful acts, Airtex has suffered injury to its reputation and goodwill. In addition, Airtex has suffered injury in the form of lost sales in an amount yet to be determined.

MIA 31253214v1

90.     Airtex will continue to suffer irreparable harm to its reputation and goodwill and will continue to suffer lost sales unless Defendants' acts are enjoined.  Further, consumers may suffer personal or other injuries unless Defendants are restrained from selling counterfeit goods.

91.     Defendants' acts have damaged and will continue to damage Airtex, and Airtex has no adequate remedy at law.

92.     In light of the foregoing, Airtex is entitled to injunctive relief prohibiting Defendants from using the Airtex Marks for any purpose, destruction of the counterfeit merchandise, and recovery of up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing products pursuant to Fla. Stat. § 495.141.

**COUNT VI**
**(All Defendants)**
**Deceptive and Unfair Trade Practices (Unfair Competition)**
**Fla. Stat. § 501.201**

93.     Airtex incorporates the allegations of paragraphs 1 to 41.

94.     Defendants' unlawful acts, as described herein, are calculated to deceive and actually do deceive the public into mistakenly believing that Defendants are selling Airtex products or are affiliated, connected, or associated with Airtex and that Defendants' goods originate and/or are sponsored or approved by Airtex.

95.     As such Defendants have intentionally engaged in and to continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201.

96.     As a direct and proximate result of Defendants' unfair, unconscionable and deceptive acts or practices, Airtex has suffered and will continue to suffer damages and irreparable harm for which Airtex has no adequate remedy at law.

97.     In light of the foregoing, Airtex is entitled to injunctive relief prohibiting Defendants from using the Airtex Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, AIRTEX PRODUCTS, LP, respectfully requests that this Court enter judgment in its favor and against the Defendants Global Automotive of Miami, Inc. d/b/a Global Automotive, Inc. and Kevin Lee Simmons, jointly and severally, on all counts pled herein as follows:

A.      Finding that (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), (ii) Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), (iii) Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), and (iv) Fla. Stat. § 495.151 and (v) § 502.201;

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, and their respective agents, representatives, officers, and employers from:

1.      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Airtex Marks, or any other mark or design element substantially similar or confusing thereto, including, without limitation,

the Counterfeit Products, and engaging in any other activity constituting an infringement of any of Airtex's rights in the Airtex Marks;

2.     engaging in any other activity constituting unfair competition with Airtex, or acts or practices that deceive consumers, the public, and/or trade, including, without limitation, the use of designations and design elements associated with Airtex; and

3.     engaging in any other activity that will cause the distinctiveness of the Airtex Marks to be diluted.

C.     Requiring Defendants to account for each and every purchase and sale of Counterfeit Products and requiring Defendants to recall from any distributors and retailers and to deliver to Airtex for destruction or other disposition all remaining inventory of all Counterfeit Products, including all advertisements, promotional, and marketing materials, as well as means of making same;

D.     Requiring Defendants to file with this Court and serve on Airtex within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.     Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Airtex, or is related in any way with Airtex and its products;

F.     Awarding Airtex statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117); ordering Defendants to account to and pay to Airtex all profits realized by their wrongful acts, and also

19

awarding Airtex its actual damages, and also directing that all such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Airtex actual and exemplary damages pursuant to federal and state laws;

H.      Finding Defendants' conduct merits a finding of exceptional circumstances;

I.      Awarding Airtex its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and Florida law;

J.      Awarding Airtex pre-judgment interest on any monetary award made part of the judgment against Defendants; and

K.      Awarding Airtex such additional and further relief that the Court deems appropriate and just.

## <u>DEMAND FOR JURY TRIAL</u>

Airtex hereby demands trial by jury of all issues triable of right by jury.


Dated: April 29, 2015                Respectfully submitted,

                                     By: /s/ Paul A. Shelowitz
                                     Paul A. Shelowitz
                                     Florida Bar No. 777447
                                     Irene Oria
                                     Florida Bar No. 484570
                                     **STROOCK & STROOCK & LAVAN LLP**
                                     200 South Biscayne Blvd., Suite 3100
                                     Miami, Florida  33131
                                     Telephone:  (305) 358-9900
                                     Facsimile:  (305) 789-9302
                                     Email: pshelowitz@stroock.com;
                                             ioria@stroock.com

Pro Hac Vice motions are being filed in this matter for:

Brian Lewis
Paul Olszowka
Ryan McLaughlin
**BARNES & THORNBURG LLP**
1 N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone:  312-357-1313
Fax:  312-759-5646
blewis@btlaw.com
polszowka@btlaw.com
rmclaughlin@btlaw.com

MIA 31253214v1